**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RICHARD K. LAMBERT,**

    Plaintiff,

**v.**                                                      **CIVIL ACTION NO.: 3:16-CV-2
                                                                                                 (GROH)**

**COMMISSIONER of SOCIAL
SECURITY ADMINISTRATION,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Michael J. Aloi. Magistrate Judge Aloi entered the R&R on November 30, 2016. ECF No. 26. In the R&R, Magistrate Judge Aloi recommends the Court grant the Defendant's Motion for Summary Judgment [ECF No. 23] because substantial evidence supports the Administrative Law Judge's ("ALJ") denial of the Plaintiff's application for disability insurance benefits and supplemental security income. Magistrate Judge Aloi recommends the Court deny the Plaintiff's Motion for Summary Judgment [ECF No. 22] and that this case be dismissed with prejudice.

## I. Background

In May 2012, the Plaintiff protectively filed his first application, alleging disability that began on October 17, 2011. The Plaintiff's claims were initially denied on August 7, 2012, and again upon reconsideration on December 17, 2012. On January 16, 2013, the Plaintiff filed a written request for a hearing, which was held before an Administrative Law

Judge on June 26, 2014. Plaintiff, represented by counsel, Montie VanNostrand, Esq., appeared and testified, as did a vocational expert. On July 29, 2014, the ALJ issued an unfavorable decision to Plaintiff, finding that he was not disabled within the meaning of the Social Security Act. On September 3, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

On January 5, 2016, Richard Lambert ("Plaintiff") filed a complaint against the Commissioner of Social Security. The Plaintiff filed his motion for summary judgment on April 24, 2016. ECF No. 22. The Commissioner filed her motion for summary judgement on May 20, 2016. ECF No. 23. Magistrate Judge Aloi then entered an R&R on November 30, 2016. ECF No. 26. The Plaintiff filed objections to Magistrate Judge Aloi's R&R on December 14, 2016. ECF No. 27. The Commissioner filed a response on December 27, 2016. ECF No. 28.

The Plaintiff alleges disability due to chronic lower back pain, bilateral knee osteoarthritis, arthritis of both thumbs, morbid obesity, chronic obstructive asthma, obstructive sleep apnea, cardiac problems, chronic fatigue, mixed dyslipidemia, chronic edema, arrhythmia, gastric reflux, large umbilical hernia, hypertension with proteinuria in the urine, depression, anxiety and avoidant personality disorder.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review *de novo* those portions of the magistrate judge's findings to which a party objects. However, failure to file objections permits the district court to review the R&R under the standards that the

district court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which any party objects and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility

of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

**C.     Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is disabled or not disabled at a certain step, the ALJ does not proceed to the next step. Id. At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. The ALJ then determines whether the claimant has a severe impairment at step two. Next, the ALJ determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional Capacity ("RFC") assessment. At step four, the ALJ considers the RFC assessment to determine whether the claimant can perform past relevant work. Finally, during step five the ALJ Considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work. See Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found the Plaintiff was not disabled from any time between October 17, 2011, and July 29, 2014, the date of the ALJ's decision.

**III.  Discussion**

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds that Magistrate Judge Aloi committed no clear error with regard to the portions

4

of the R&R to which the Plaintiff filed no objections. Accordingly, the Court now considers, *de novo*, the Plaintiff's objections to the magistrate judge's R&R.

First, the Plaintiff's objections I-VII follow the same general format, and, therefore, are summarily overruled. In each of his first seven objections, the Plaintiff puts forth the same argument that Magistrate Judge Aloi cited certain elements or facts in his R&R but not omitted other specific elements or facts. "There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record." Cole v. Comm'r of Soc. Sec., 105 F. Supp. 3d 738, 750 (E.D. Mich. 2015) (citing Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006)). This Court has reviewed the record in its entirety and finds that any omissions the Plaintiff referenced are not material to the decision, substantial evidence supports the ALJ's decision as to the portions addressed in the objections and therefore, objections I-VII are overruled.

Next, the Plaintiff objects to the magistrate judge's determination that the ALJ properly applied the obesity ruling. In reviewing the Plaintiff's objection and his motion for summary judgment, the Court finds that the Plaintiff's objection presents nothing new, but instead, it repurposes the same argument presented to the magistrate judge. Many courts have held that "when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F.Supp.3d 253, 260 (N.D.N.Y. 2012). Thus, the Court has reviewed the portion of the R&R addressing the ALJ's consideration

of the Plaintiff's obesity for clear error. The Court finds no clear error was made, and therefore, Plaintiff's objection VIII is overruled.

The Plaintiff also objects to the magistrate judge's R&R in regard to the ALJ's credibility determination. "Because he had the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (citing Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976)). As the magistrate judge explained in his R&R, an ALJ's credibility determination will be reversed "only if the Claimant can show it was 'patently wrong'" Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000) (quoting Herr v. Sullivan, 912 F.2d 178, 181 (7th Cir. 1990)).

Here, upon review of the ALJ's decision in conjunction with the record, this Court finds that the Plaintiff has failed to show that the ALJ's credibility determination was patently wrong. Rather, the Court agrees with the magistrate judge's finding in his R&R that the ALJ complied with credibility determination procedures as provided in the regulations and more fully explained by Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). Accordingly, Plaintiff's objection IX is overruled.

Plaintiff's objection X is based, in part, upon his argument that the ALJ's credibility determination was improper. As to that argument, objection X is overruled for the reasons more fully stated above. The remainder of objection X is overruled because it "reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge," and therefore, "the Court subjects that portion of the report-

recommendation challenged by those arguments to only a clear error review." Taylor, 32 F.Supp.3d 253, 260 (N.D.N.Y. 2012).

Finally, the Plaintiff has two objections labeled XI. The first XI is in regard to photographs. Again, the Plaintiff makes the same argument previously presented to the magistrate judge, and therefore, for reasons already explained at length above, the objection is overruled. The second objection labeled XI is one sentence. Essentially, the Plaintiff objects to the magistrate judge's decision finding for the Defendant. The objection hardly contains any information, much less new information not already presented to the magistrate judge. This Order and Magistrate Judge Aloi's R&R fully explain why judgment in favor of the Defendant is appropriate in this matter. Thus, the second objection XI is overruled.

## IV. Conclusion

Because substantial evidence supports the ALJ's decision, the Court **OVERRULES** the Plaintiff's objections [ECF No. 27] and **ORDERS** the Report and Recommendation [ECF No. 26] **ADOPTED**. The Court **ORDERS** that the Commissioner's Motion for Summary Judgment [ECF No. 23] is **GRANTED** and the Plaintiff's Motion for Summary Judgment [ECF No. 22] is **DENIED**.

The Court **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from its active docket.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendant Commissioner.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** January 27, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE